Dear Mr. Stokes,
You have requested an opinion of this office regarding the use of public funds to reimburse the former Chief of Police for the Town of Jonesboro for legal fees he incurred defending himself from criminal charges brought against him for actions taken in the performance of his official duties as chief of police. According to your request, after the district attorney recused himself from the matter, a grand jury indicted the former chief of police but our office decided not to proceed with the case and dropped the charges. You ask whether the former chief of police may be reimbursed for these legal fees, and if so, what amount of reimbursement is reasonable.
La.R.S. 42:1442(A) requires reimbursement for legal fees incurred by law enforcement officers accused (and later found not guilty) of committing a crime while acting within or in furtherance of their scope and course of employment. It provides:
A. When (1) a law enforcement officer, employed by the state or an agency thereof or by a political subdivision, as that term is defined in Article VI, Section 44 of the Constitution of Louisiana, has been subjected to an institution of prosecution for an alleged criminal act committed when the law enforcement officer is acting in good faith in the performance or in furtherance of the course and scope of his employment as defined by law and the policies and procedures of the law enforcement agency employing him, and (2) he is acquitted of the charge, the prosecution has been dismissed by the district attorney, or the periods of time have expired in which he could be brought to trial and convicted, the officer shall be reimbursed for *Page 2 
reasonable attorney's fees incurred by him on account of the institution of prosecution. No reimbursement shall take place under the provisions of this Section until the suit is dismissed or finally adjudicated by a court of competent jurisdiction and the period for taking an appeal has expired. Reimbursement shall be from the governing authority by whom the officer was employed at the time of the alleged crime.
The language of La.R.S. 42:1442(A) requires that the law enforcement agency that employs the law enforcement officer reimburse the officer for legal expenses, if, as applicable in the instant matter, the prosecution dismisses the charge(s), and the employer determines that the officer was acting in good faith in the performance or in furtherance of the course and scope of his employment. It is our opinion that, if the criteria set forth in La.R.S. 42:1442 are met (specifically, (i) that the employer has determined that the law enforcement officer was acting in good faith in the performance or furtherance of the course and scope of his employment when he committed acts that gave rise to criminal charges, and (ii) that the law enforcement officer was acquitted of the charge or the prosecution was dismissed), the Town of Jonesboro is obligated to pay the portion of legal expenses determined to be reasonable and necessary for the former chief to defend himself against those charges. This is consistent with past opinions of this office interpreting La.R.S. 42:1442. See La. Atty. Gen. Op. Nos. 91-474, 97-187, 05-0377.
Our office has consistently opined that legal fees should only be reimbursed to the extent the governing authority determines: (1) that the hourly rate charged by the employee's counsel was reasonable; (2) that the number of hours spent by counsel were reasonable and necessary; and (3) that any costs incurred by counsel were reasonable and necessary. La. Atty. Gen. Op. Nos. 94-369, 95-242, 98-433, 01-94, 07-0041. The determination of what is a reasonable amount of legal fees to be incurred in a particular case is a factual determination that our office cannot make. See La. Atty. Gen. Op. No. 03-0261 (opining that "[a]s to the reasonableness of the hourly rate charged by legal counsel, we are guided by the Attorney General's hourly fee schedule, a copy of which is enclosed, which indicates that a fee of $100 per hour, as charged by the Mayor's counsel, is reasonable. Concerning the number of hours spent by and the costs incurred by counsel, it is not appropriate for this office to determine the reasonableness of same."); see also
La. Atty. Gen. Op. No. 95-242. Such a determination must be made by the governing authority that will be reimbursing the legal fees after a thorough review of the attorney's bills. As to the reasonableness of the hourly rate charged by legal counsel, we enclose a copy of the attorney general's hourly fee schedule, which is offered for guidance only. *Page 3 
Accordingly, it is the opinion of this office that if the criteria set forth in La.R.S. 42:1442(A) are met, the Town of Jonesboro is obligated to pay the legal expenses incurred by the former chief of police in defending himself from criminal charges brought against him for actions taken in the performance of his official duties. The Town may only reimburse the portion of the legal fees that are determined to have been reasonable and necessary for the former chief to defend himself.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By:__________________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt